IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

ANTHONY CARTMAN,

Defendant.

CRIMINAL ACTION NO.
1:10-CR-00512-JEC-LTW

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION AND ORDER CERTIFYING CASE READY FOR TRIAL

This matter is presently before the Court on Defendant Anthony Cartman's Motion to Dismiss for Violation of the Speedy Trial Act of 1974 pursuant to 18 U.S.C. § 3162. Docket Entry [125]. For the reasons set forth below, the undersigned **RECOMMENDS** that Defendant Anthony Cartman's Motion to Dismiss for Violation of the Speedy Trial Act of 1974 pursuant to 18 U.S.C. § 3162 be **DENIED**. Docket Entry [125].

## BACKGROUND FACTS

On December 8, 2010, Defendant Anthony Cartman ("Defendant") and co-Defendants Tchaka Jamal Shields, Erron Denise Love-Morgan, and Casita Qwanet Washington (collectively "Defendants") were indicted by the Grand Jury in the Northern District of Georgia on federal firearms charges. Docket Entry [1]. Defendants were charged with operating a conspiracy in which co-Defendants Love-Morgan and

Washington purchased firearms on behalf of Defendant and co-Defendant Shields, both of whom are convicted felons and, therefore, are prohibited from purchasing firearms. (Id.) Defendant was arrested in the Southern District of New York on August 5, 2011.[1] On August 10, 2011, a magistrate judge in the Southern District of New York, held an identity/removal hearing and ordered Defendant to be transported to the Northern District of Georgia. Docket Entry [79]. On August 22, 2011, Defendant made his initial appearance in this Court and entered a plea of not guilty. Docket Entry [80].

Prior to Defendant's initial appearance, on May 17, 2011, Defendant filed a largely nonsensical motion styled "Judicial Notice/Default," in which he appeared to argue that the Court lacked jurisdiction over him. Docket Entry [67]. On September 7, 2011, the Court held a pretrial conference and directed the clerk to strike Defendant's Judicial Notice/Default. Docket Entry [85]. Also, this Court scheduled a Faretta[2] hearing for September 21, 2011, to address Defendant's request to proceed pro se. (Id.)

Two days before the Faretta hearing, on September 19, 2011, Defendant filed the following motions pro se: a Motion to Dismiss for Lack of Subject Matter Jurisdiction (docket entry [87]), a Motion to Suppress Evidence (docket entry [88]), a Motion for Plaintiff's Information (docket entry [89]), a Motion to Dismiss for Improper Service of Process (docket entry [90]), and a Judicial Notice/Mandamus (docket entry [91]).

The Court held a Faretta hearing on September 21, 2011, during which Defendant

---

[1] Defendant was the last of the four co-Defendants to be arrested.

[2] Faretta v. California, 422 U.S. 806 (1975).

2

advised the Court that he desired to continue to be represented by counsel.  Docket Entry [92].  The Court then gave the parties until October 4, 2011, to file any additional motions.  (Id.)  Although represented by counsel, on October 3, 2011, Defendant filed pro se, a second original Judicial Notice/Mandamus.  Docket Entry [93].  On October 13, 2011, Defendant also filed pro se, a Writ and Notice/Mandamus and an Affidavit for the Record/Official Notice of Grievance(s).  Docket Entries [96, 97].

Based on Defendant's "rambling and/or incoherent pleadings," on October 26, 2011, the Government moved for a psychiatric examination of Defendant at FCI Butner. Docket Entries [99, 100].  The Court granted the Government's motions on October 28, 2011.  Docket Entry [101].  On November 2, 2011, the Court amended its October 28, 2011 Order, to allow the psychiatric exam to be conducted at any suitable Bureau of Prisons facility.  Docket Entry [102].  On November 8, 2011, Defendant filed pro se a Writ of Non-Consent to object to the psychiatric examination.  Docket Entry [105]. Notwithstanding Defendant's objection, on November 14, 2011, Defendant left the Northern District of Georgia to be transported to the Metropolitan Correctional Center in New York ("MCC NY") where his mental competency examination was conducted. (Gov't's Br., Ex. 1, Docket Entry [130-1]).  Defendant was admitted to MCC NY on November 16, 2011.  (Id.; Competency to Stand Trial Evaluation, p.1[3]).  Defendant was evaluated on November 17 and 21 and December 5, 6, and 8, 2011.  (Competency to

---

[3] This document was submitted directly to the Court and does not appear on the docket.

3

Stand Trial Evaluation, pp. 1, 6). While being evaluated, on November 25, 2011, Defendant filed pro se, an Official Notice/Writ Requesting Neutral Psychiatrist/Psychologist to Witness and Oversee Evaluation Sessions. Docket Entry [106]. On December 12, 2011, MCC NY issued its report on Defendant's Competency to Stand Trial on. (Competency to Stand Trial Evaluation, p. 1). Defendant left MCC NY to return to the Northern District of Georgia on December 21, 2011. (Gov't's Br., Ex. 1). Defendant arrived in the Northern District of Georgia on December 28, 2011. (Id.) Prior to returning to the Northern District of Georgia, however, Defendant filed pro se an Informal Complaint/Modified Request for Documents with a Compelling Need pursuant to 5 U.S.C. § 552 (FOIA) on December 12, 2011(docket entry [107]), a Motion (Demand) for Speedy Trial on December 15, 2011 (docket entry [110]), and a Motion to Dismiss Indictment for Denial of Speedy Trial on December 16, 2011 (docket entry [112]).

After Defendant returned to this jurisdiction on December 28, 2011, he filed several pro se motions. Specifically, Defendant filed a Demand to Dismiss Indictment on January 3, 2012 (docket entry [113]), a Motion to Dismiss on January 5, 2012 (docket entry [114]), a Motion to Dismiss Indictment on January 6, 2012 (docket entry [115]), a letter regarding his attorney of record on January 9, 2012 (docket entry [116]), a Notice regarding his counsel of record on January 12, 2012 (docket entry [119]), a Motion to Dismiss Indictment on January 17, 2012 (docket entry [120]), a Demand for Speedy Trial pursuant to 18 U.S.C. § 3161 on February 1, 2012 (docket entry [123]), a

4

Motion to Dismiss on February 6, 2012 (docket entry [125]), and an Affidavit on February 14, 2012 (docket entry [126]).

On February 23, 2012, the Court held a hearing on Defendant's January 9, 2012 letter to the Court (docket entry [116]), and Defendant's January 12, 2012 Notice (docket entry [119]), which the Court construed as motions requesting the dismissal of Defendant's court-appointed counsel. Docket Entry [127]. After hearing arguments from Defendant and his counsel, the Court, on Defendant's request, deemed all motions, except Defendant's February 6, 2012 Motion to Dismiss (docket entry [125]), to be withdrawn. (Id.) Defendant also informed the Court that he did not wish to represent himself and agreed to continue with his court-appointed counsel. (Id.) The Court gave the Government through and including March 9, 2012, to respond to Defendant's remaining Motion to Dismiss. (Id.) On March 9, 2012, the Government filed its response to Defendant's Motion to Dismiss. Docket Entry [130]. On March 21, 2012, Defendant filed an Affidavit in support of his February 6, 2012 Motion to Dismiss. Docket Entry [132].

## LEGAL ANALYSIS

Defendant moves to dismiss the indictment on the ground that the Speedy Trial Act has been violated. Docket Entry [125]. Defendant states that as of the filing of his motion, it had been six months since he was arrested and eighteen months since the indictment was "written." (Id.)

"The Speedy Trial Act of 1974 (Speedy Trial Act or Act), 18 U.S.C. § 3161 et

seq., requires that a criminal defendant's trial commence within 70 days after he is charged or makes an initial appearance, whichever is later, see § 3161(c)(1), and entitles him to dismissal of the charges if that deadline is not met, § 3162(a)(2)." Bloate v. United States, 130 S. Ct. 1345, 1349 (2010). However, the Act excludes from the 70-day limitations period, delays caused by certain enumerated events. See 18 U.S.C. § 3161(h). Relevant to the Court's analysis here, the following four periods of delay are excluded from the 70-day time limit: (1) "delay resulting from any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant," 18 U.S.C. § 3161(h)(1)(A); (2) "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," 18 U.S.C. § 3161(h)(1)(D); (3) "delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable," 18 U.S.C. § 3161(h)(1)(F); and (4) "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," 18 U.S.C. § 3161(h)(1)(H).

"In calculating includable time [i.e., non-delay periods], both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded." United States v. Yunis, 723 F.2d 795, 797 (11th Cir. 1984) (internal

6

citations omitted). "For pretrial motions that do not require hearings, . . . [i]f the court has all the information necessary to rule on the motion at the time the motion is filed, the court immediately has the motion under advisement under § 3161(h)(1)[(H)] and thirty days may be excluded from the speedy trial clock due to the motion." United States v. Davenport, 935 F.2d 1223, 1228 (11th Cir. 1991) (citing Henderson v. United States, 476 U.S. 321, 327-28 (1986)). If, however, the court allows the parties to submit additional materials relating to the motion by a certain date, "[t]he motion is not under advisement by the court during this period of time, which is automatically excluded from the speedy trial clock." Id. "Once the period for filing additional materials expires, the court takes the motion under advisement for purposes of § 3161(h)(1)[(H)] and no more than thirty additional days may be excluded from the speedy trial clock." Id. On the other hand, "for motions that require hearings, § 3161(h)(1)[(D)] excludes all time between the filing of the motion and the conclusion of the hearing at which it is addressed." Id. "Once the hearing is concluded, the motion is treated exactly like a motion for which no hearing is required[, in that i]f the court has all materials necessary to rule on the motion, the court is deemed to have taken the motion under advisement immediately following the hearing and § 3161(h)(1)[(H)] permits no more than thirty additional days to be excluded." Id. If, however, the court allows the parties to submit supplemental materials regarding the motion, "[t]his period of time is automatically excluded." Id. "Once the court concludes the hearing and the time for filing supplemental materials expires, the court has taken the motion under advisement and §

7

3161(h)(1)[(H)] permits no more than thirty additional days to be excluded from the speedy trial clock." Id. Applying the law and construing it most favorably toward Defendant, the undersigned concludes that there has been no violation of the Speedy Trial Act.

### 1.   **Starting the Speedy Trial Clock**

In this case, Defendant was indicted by a federal grand jury in the Northern District of Georgia on December 8, 2010, but Defendant did not make his initial appearance in this Court until August 22, 2011. Defendant entered a plea of not guilty at his initial appearance. Therefore, the Speedy Trial Act's 70-day time limit began to run on August 22, 2011. See 18 U.S.C. § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.").

### 2.   **August 22, 2011 to September 7, 2011**

Prior to Defendant's initial appearance in this Court, Defendant filed a motion styled as "Judicial Notice/Default" on May 17, 2011. Docket Entry [67]. Therein, Defendant challenged this Court's jurisdiction over him. (Id.) Defendant's motion was pending at the time of his initial appearance and remained pending until the Court ordered it to be stricken from the docket during the September 7, 2011 pretrial

8

conference.  The Government concludes that the time between Defendant's arrest and the disposition of Defendant's Judicial Notice/Default on September 7, 2011, is excludable pursuant to 18 U.S.C. § 3161(h)(1)(D), as a period of delay resulting from a pretrial motion.

As an initial matter, the Court notes that the time between Defendant's arrest and his initial appearance is not relevant to the speedy trial computation because Defendant's speedy trial clock did not start until Defendant made his initial appearance. Nevertheless, this Court agrees that the time between Defendant's initial appearance and this Court's disposition of Defendant's Judicial Notice/Default on September 7, 2011, is excludable.  Although Defendant filed his Judicial Notice/Default on May 17, 2011, because Defendant had not made an initial appearance, his speedy trial clock had not yet been triggered.  As such, this Court was under no obligation to promptly dispose of Defendant's Judicial Notice/Default pursuant to the Speedy Trial Act.[4]  However, once the speedy trial clock began on August 22, 2011, this Court was required to comply with the time limits set forth in the Speedy Trial Act and was required to promptly dispose

---

[4] Even if Defendant's speedy trial clock had been triggered before Defendant filed his Judicial Notice/Default, it is worth noting that this Court could not have ruled upon Defendant's personal jurisdiction challenge until Defendant made his initial appearance.  It is well settled that "[a] federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law."  United States v. Rendon, 354 F.3d 1320, 1326 (11th Cir. 2003) (internal citations omitted).  In this case, Defendant was indicted by a federal grand jury on December 8, 2010.  However, Defendant was not "brought before" this Court until his initial appearance on August 22, 2011.  Therefore, the issue of personal jurisdiction–and hence Defendant's Judicial Notice/Default–was not ripe for consideration until August 22, 2011.

of Defendant's pending pretrial motion pursuant to 18 U.S.C. § 3161(h)(1)(D), (H). Assuming, without deciding, that on August 22, 2011, the Court had all of the materials before it that it needed to decide Defendant's motion, the Court was allowed thirty days to rule on Defendant's Judicial Notice/Default. See Davenport, 935 F.2d at 1228; see also 18 U.S.C. § 3161(h)(1)(D), (H). This Court disposed of Defendant's Judicial Notice/Default on September 7, 2011, sixteen days after Defendant's speedy trial clock began on August 22, 2011. Accordingly, the period of time between August 22, 2011, and September 7, 2011, is excludable as a delay due to the filing and resolution of a pretrial motion. See 18 U.S.C. § 3161(h)(1)(D),(H).

### 3.     September 7, 2011 to September 21, 2011

The period between September 7, 2011 and September 21, 2011 is excludable. During the September 7, 2011 pretrial conference, Defendant petitioned the Court to proceed pro se. The Court construed Defendant's request to be an oral motion, which required a Faretta hearing for the Court to resolve. Oral motions made on the record, like written motions, toll the speedy trial clock. United States v. Broadwater, 151 F.3d 1359, 1361 (11th Cir. 1998). This Court held a Faretta hearing on September 21, 2011, during which Defendant abandoned his request to proceed pro se. Thus, the period between September 7, 2011, and September 21, 2011, is excludable as a delay due to the filing and resolution of a pretrial motion. See 18 U.S.C. § 3161(h)(1)(D); see also United States v. Dunn, 345 F.3d 1285, 1295 (11th Cir. 2003) (excluding the time from the filing of the motion until the hearing needed to resolve the motion).

10

### 4.    September 19, 2011 to October 19, 2011

The overlapping period from September 19, 2011, until at least October 19, 2011, is excludable.  Prior to the <u>Faretta</u> hearing, on September 19, 2011, Defendant filed five motions.  Specifically, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (docket entry [87]), a Motion to Suppress Evidence (docket entry [88]), a Motion for Plaintiff's Information (docket entry [89]), a Motion to Dismiss for Improper Service of Process (docket entry [90]), and a Judicial Notice/Mandamus (docket entry [91]).  Assuming, without deciding, that each of these motions could be resolved without a hearing and solely based on the materials Defendant submitted to the Court, the thirty-day period from September 19, 2011, until October 19, 2011, is excludable.[5]  <u>See</u> <u>Davenport</u>, 935 F.2d at 1228; <u>see also</u> 18 U.S.C. § 3161(h)(1)(H) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

### 5.    October 13, 2011 to November 12, 2011

The overlapping period from October 13, 2011, until at least November 12, 2011, is excludable.  Prior to October 19, 2011, Defendant filed three additional "motions."[6]

---

[5] The Government makes no argument about whether a hearing was required on any of the motions Defendant filed in this action.

[6] Although Defendant was represented by counsel at the time he filed these documents, because Defendant was acting <u>pro se</u>, this Court has liberally construed the documents to be motions.  <u>See</u> <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003) ("<u>Pro se</u> pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed") (internal quotation and citation omitted).

Specifically, on October 3, 2011, Defendant filed pro se, a second original Judicial Notice/Mandamus (docket entry [93]), and on October 13, 2011, Defendant filed pro se, a Writ and Notice/Mandamus and an Affidavit for the Record/Official Notice of Grievance(s) (docket entries [96, 97]).  Again, assuming, without deciding, that each of these motions could be resolved without a hearing and based solely on the materials Defendant presented to this Court, the thirty-day period from October 13, 2011, the date of the latest-filed motion, until at least November 12, 2011, is excludable.  See Davenport, 935 F.2d at 1228; see also 18 U.S.C. § 3161(h)(1)(H) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

### 6.    November 13, 2011 to November 16, 2011

The period from November 13, 2011, until November 16, 2011, does not appear to be excludable.  On October 26, 2011, the Government moved for Defendant to undergo a psychiatric examination at FCI Butner.  Docket Entries [99, 100].  The Court granted the Government's motions on October 28, 2011, allowing Defendant to be examined at FCI Butner (docket entry [101]), and then filed an Amended Order on November 2, 2011, allowing Defendant to be examined at any suitable Bureau of Prisons facility (docket entry [102]).  Pursuant to the Court's November 2, 2011 Order, Defendant left the Northern District of Georgia on November 14, 2011, and arrived at MCC NY on November 16, 2011.  (See Gov't's Br., Ex. 1).  Although the Speedy Trial Act allows for any "delay resulting from transportation of any defendant from another

district, or to and from places of examination or hospitalization" to be excluded; "any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(F). Here, the Order that directed Defendant's transfer to MCC NY was entered on November 2, 2011. Ten days from November 2, 2011, is November 12, 2011. Defendant did not arrive at MCC NY until November 16, 2011. Therefore, pursuant to 18 U.S.C. § 3161(h)(1)(F), the four days from November 13, 2011, until November 16, 2011, are not excludable. Accordingly, four days are counted against the speedy trial clock.

### 7.   **November 17, 2011 to December 12, 2011**

The period from November 17, 2011, until December 12, 2011, is excludable. Defendant was evaluated at MCC NY on November 17 and 21, 2011, and then again on December 5, 6, and 8, 2011. (See Competency to Stand Trial Evaluation, pp. 1, 6). MCC NY issued its report regarding Defendant's competency to stand trial on December 12, 2011. (Id., p. 1). Therefore, the period from November 17, 2011, until December 12, 2011, is excludable. See 18 U.S.C. § 3161(h)(1)(A) (excluding "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant"); United States v. Karoly, 924 F.2d 1053 (table decision), 1991 WL 7718, at *1 (4th Cir. Jan. 30, 1991) (noting "the time contemplated by a proceeding to determine the mental capacity of the defendant encompasses the time it takes the examiner to evaluate and report on his findings").

### 8.     December 12, 2011 to January 11, 2012

The period from December 12, 2011, until at least January 11, 2012, is excludable.  On December 12, 2012, Defendant filed a motion styled as "Informal Complaint/Modified Request for Documents with a Compelling Need pursuant to 5 U.S.C. § 552 (FOIA)."  Docket Entry [107].  Assuming, without deciding, that this motion could be resolved without a hearing and solely based on the materials Defendant submitted to the Court, the thirty-day period from December 12, 2011, until at least January 11, 2012, is excludable.  See Davenport, 935 F.2d at 1228; see also 18 U.S.C. § 3161(h)(1)(H) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

### 9.     January 9, 2012 to February 23, 2012

The overlapping period from January 9, 2012, until February 23, 2012, is excludable. Prior to January 12, 2012, Defendant filed a Motion (Demand) for Speedy Trial on December 15, 2011 (docket entry [110]), a Motion to Dismiss Indictment for Denial of Speedy Trial on December 16, 2011 (docket entry [112]), a Demand to Dismiss Indictment on January 3, 2012 (docket entry [113]), a Motion to Dismiss on January 5, 2012 (docket entry [114]), a Motion to Dismiss Indictment on January 6, 2012 (docket entry [115]), and a letter regarding his attorney of record on January 9, 2012 (docket entry [116]).  This Court construed Defendant's January 9, 2012 letter regarding his attorney to be a motion requesting the dismissal of Defendant's court-

appointed attorney.  (See Docket Entry [127].)   This Court held a hearing on Defendant's letter on February 23, 2012.  Therefore, the period from January 9, 2012, until the February 23, 2012 hearing is excludable.  See 18 U.S.C. § 3161(h)(1)(D) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); see also Dunn, 345 F.3d as 1295 (excluding the time between the filing of the motion and the hearing needed to resolve it); United States v. Tobin, 840 F.2d 867, 870 (11th Cir. 1988) (eight month-delay between filing of the motion to suppress and hearing on the motion counted as excludable delay).

### 10.   **February 6, 2012 to April 8, 2012**

The overlapping period from February 6, 2012, until April 8, 2012, is also excludable. Defendant filed the instant Motion to Dismiss on February 6, 2012. Docket Entry [125].  At the February 23, 2012 hearing, this Court gave the Government until March 9, 2012, to respond to Defendant's Motion to Dismiss.  The Government filed its response on March 9, 2012.  At that point, this Court took Defendant's Motion to Dismiss under advisement and had thirty days, or until April 8, 2012, to rule on his motion. Therefore, the period from February 6, 2012, until April 8, 2012, is excludable. See Davenport, 935 F.2d at 1228.

11.    **<u>Total Speedy Trial Computation</u>**

As this Court informed Defendant during the February 23, 2012 hearing, Defendant's actions in repeatedly filing pro se motions has been the primary cause of any delay in the trial of this case. Therefore, as of the filing of the undersigned's instant Report and Recommendation, at most four of the seventy days on Defendant's speedy trial clock had elapsed. Accordingly, Defendant's Motion to Dismiss the Indictment should be **DENIED**.

## <u>CONCLUSION</u>

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss the Indictment be **DENIED**. Docket Entry [125]. As there are no further motions pending, the undersigned certifies this case ready for trial. The clerk is directed to terminate the reference to the undersigned.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this  9th day of April, 2012.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

ANTHONY CARTMAN,

Defendant.

CRIMINAL ACTION NO.
1:10-CR-00512-JEC-LTW

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and N.D. Ga. CrR. 59(2)(a). Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b) (1), within fourteen (14) days after service of this order, each party may file written objections, if any, to the Report and Recommendation ("R&R"). Pursuant to Title 18, United States Code, Section 3161(h) (1) (D), (H), **the above-referenced fourteen (14) days allowed for objections is EXCLUDED from the computation of time under the Speedy Trial Act, whether or not the objections are actually filed**. If objections to this R&R are filed, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time, all time between the filing of the R&R and the submission of the R&R, along with any objections, responses, and replies thereto,

to the District Judge. 18 U.S.C. § 3161(h)(1)(D), (H); <u>Henderson v. United States</u>, 476 U.S. 321, 331 (1986); <u>United States v. Mers</u>, 701 F.2d 1321, 1337-38 (11th Cir. 1983).

Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 9th day of April, 2012.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE